UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Arnette, | ) C/A No. 4:13-2527-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| Detective John Griffin; | ) |
| Detective Paul Sheets, and | ) |
| DEU North Myrtle Beach Police Dept, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

      This case is before the court because of Plaintiff's failure to comply with the undersigned's order of February 21, 2004, ECF No. 15, and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff on September 18, 2013. Initial review of the complaint was conducted, resulting in the February 21st order. Under that order, Plaintiff was directed to provide answers to several special interrogatories to provide additional information that was necessary for the court to complete the initial review. The order specifically warned Plaintiff that if he failed to provide the answers requested, this case could be dismissed.

      The mail in which the order and the special interrogatories were sent to Plaintiff using the address that Plaintiff provided when he filed his complaint has not been returned. Thus, it is presumed that Plaintiff received the order and special interrogatories, but decided not to respond. The deadline for Plaintiff's compliance initially passed on March 17, 2014.  Thereafter Plaintiff wrote a letter to the court requesting more time, which the court construed as an extension of time to bring the case into proper form.  Plaintiff's request was granted.  The new deadline for Plaintiff's compliance was April 22, 2014.  By letter dated April 22, 2014, and received by the court on April

23, 2014, Plaintiff requested a second extension of time to bring this case into proper form. Again, the court granted Plaintiff's request. The deadline for Plaintiff's compliance was May 7, 2014. To date, no response has been received from Plaintiff.

Plaintiff's lack of response to the order indicates an intent to not prosecute this case, and subjects this case to dismissal. See Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court.). The court has considered and applied the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case. The failure of Plaintiff to take any substantive action in this case since its filing in September 2013, coupled with his failure respond to the initial Order in this case, indicates an intent on Plaintiff's part not to prosecute this case. *See Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir.1991)(dismissal with prejudice for failure to comply with orders may be appropriate under certain circumstances).

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this court's order and failure to timely prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 30, 2014
Florence, South Carolina

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).